UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID GILBERT,

           Plaintiff,

    v.

NANCY BERRYHILL, Acting Commissioner of Social Security,[1]

           Defendant.

CASE NO. 3:16-CV-05695-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff David Gilbert filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 6.

---

[1] Nancy Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is substituted as Defendant for former Acting Commissioner Carolyn W. Colvin. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

After considering the record, the Court concludes it lacks jurisdiction to review the Administrative Law Judge's ("ALJ") decision finding Plaintiff's prior applications should not be reopened. Further, the Court finds Plaintiff has failed to show the ALJ erred when he found Plaintiff not disabled as of June 30, 2009. Accordingly, the decision of the Acting Commissioner of Social Security ("Commissioner") affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL HISTORY

On July 20, 2010, Plaintiff filed applications for DIB and supplemental security income ("SSI"), alleging disability as of April 10, 2005. *See* Dkt. 9, Administrative Record ("AR") 80.[2] The applications were denied upon initial administrative review and on reconsideration. *See* AR 80. A hearing was held before ALJ David Johnson and a decision denying benefits was issued on April 29, 2013. *See* AR 80-92, 743-89. Plaintiff appealed to the Appeals Council and, on December 13, 2013, while the appeal was pending, Plaintiff filed another application for SSI. *See* AR 33. On January 9, 2015, the Appeals Council remanded the ALJ's decision as to the DIB claim and directed the ALJ to determine whether reopening the 2008 Applications was necessary and appropriate. AR 99-101. The Appeals Council also directed the ALJ to consider whether Plaintiff's December 2013 SSI application should be consolidated with applications filed on July 20, 2010. AR 100.

Following the Appeals Council remand, the ALJ held a hearing on May 29, 2015. AR 790-825. In a decision dated September 16, 2015, the ALJ found: (1) there was no basis to reopen the 2008 Applications; (2) the relevant disability period for DIB was from February 12, 2009 (the day after the 2008 Applications became final) through June 30, 2009 (the date last insured); and (3) Plaintiff was not disabled as of June 30, 2009 for purposes of DIB, but became

---

[2] Plaintiff also filed applications for DIB and SSI in September of 2008 ("2008 Applications"), which were denied on February 11, 2009. *See* AR 106-07.

disabled on December 13, 2013 for purposes of SSI benefits. AR 33-49. Plaintiff's request for review of the ALJ's decision was granted by the Appeals Council on April 8, 2016. AR 19-22. In a decision dated June 9, 2016, the Appeals Council adopted the decision of the ALJ, finding Plaintiff was not disabled from February 12, 2009 through June 30, 2009, but became disabled on December 13, 2013 and continued to be disabled through the date of the Appeals Council's decision. AR 14-17.

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) reopen the 2008 Applications; (2) properly evaluate Plaintiff's residual functional capacity; and (3) meet his burden at Step Five. Dkt. 17, pp. 2, 13.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.   Whether the ALJ erred in determining Plaintiff's 2008 applications should not be reopened.**

Plaintiff first contends the ALJ erred when he found there was not "good cause" to reopen Plaintiff's 2008 applications. Dkt. 17, pp. 8-10. The Commissioner may apply administrative res judicata "to bar reconsideration of a period with respect to which she has already made a determination, by declining to reopen the prior application." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1996). Once an administrative decision becomes final, the Commissioner's decision to reopen a disability claim is "purely discretionary." *Taylor v. Heckler*, 765 F.2d 872, 877 (9th Cir. 1985). Because a discretionary decision is not a "final

decision" within the meaning of 42 U.S.C. § 405(g), the Commissioner's refusal to reopen a decision "is not a 'final' decision subject to judicial review." *Id.* (citations omitted); *Lester*, 81 F.3d at 827 ("As a general matter, the Commissioner's refusal to reopen her decision as to an earlier period is *not* subject to judicial review.").

The Court can review a decision to not reopen a prior application if the "denial of a petition to reopen is challenged on constitutional grounds." *Califano v. Sanders*, 430 U.S. 99, 109 (1977). Additionally, the Court has jurisdiction over a decision to not reopen "where the Commissioner considers 'on the merits' the issue of the claimant's disability during the already-adjudicated period." *Lester*, 81 F.3d at 827; *see also Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001). If "such a de facto reopening occurs, the Commissioner's decision as to the prior period is subject to judicial review." *Lester*, 81 F.3d at 827. However, "where the discussion of the merits is followed by a specific conclusion that the claim is denied on res judicata grounds, the decision should not be interpreted as re-opening the claim and is therefore not reviewable." *Krumpelman v. Heckler*, 767 F.2d 586, 589 (9th Cir. 1985) (*citing McGowen v. Harris*, 666 F.2d 60, 68 (4th Cir. 1981)).

Here, the ALJ considered Plaintiff's 2008 applications, which were denied on February 11, 2009. AR 34. The ALJ discussed the new evidence, but found it did not provide new or greater insight into Plaintiff's condition and was not material. AR 34. The ALJ concluded "good cause does not exist to support a re-opening of [the 2008] application. The February 11, 2009 determination is final, binding, and has res judicata effect." AR 34.

Plaintiff does not allege his due process rights were violated. *See* Dkt. 17. Additionally, Plaintiff does not assert, nor does the Court find, the ALJ's decision was a "de facto reopening."

*See* Dkt. 17. Therefore, the Court does not have jurisdiction to review the ALJ's decision declining to reopen Plaintiff's 2008 applications.

**II.     Whether the ALJ erred in evaluating Plaintiff's residual functional capacity for the disability period of February 12, 2009 through June 30, 2009.**

Plaintiff argues the ALJ erred in evaluating Plaintiff's residual functional capacity ("RFC") of the disability period of February 12, 2009 through June 30, 2009. Dkt. 17, pp. 12-15. Plaintiff contends the ALJ erred because: (1) the medical evidence establishes Plaintiff had limitations which were not included in the RFC; and (2) Plaintiff's standing limitations precluded him from light work. *Id.*

A claimant's residual functional capacity is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. However, a claimant's inability to work must result from his or her "physical or mental impairment(s)." *Id*. Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id*. In assessing a claimant's RFC, the ALJ is also required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id*. at *7.

A. <u>Medical Evidence</u>

Plaintiff argues the ALJ erred by failing to incorporate in the RFC the limitations found in the medical records of Drs. Mikhail Makovski, M.D. and Neil Schneider, M.D. Dkt. 17, p. 13.[3] In determining Plaintiff's RFC for the relevant DIB period - February 12, 2009 through June

---

[3] Dr. Makovski completed an evaluation of Plaintiff on October 1, 2007. AR 544-47. Dr. Makovski opined Plaintiff had moderate to marked limitations in sitting, standing, walking, lifting, and carrying because of his left hip arthritis. AR 545. He also found Plaintiff had restricted mobility, agility, or flexibility in his ability to bend, climb, crouch, kneel, and sit. AR 545. He found jobs with sit/stand alterations would improve Plaintiff's employability. AR

1   30, 2009 - the ALJ gave great weight the opinion of Dr. Gary Gaffield, D.O. *See* AR 40-41, 44.

2   The ALJ noted Dr. Gaffield's opinion relied on similar imaging to Dr. Makovski's opinion and

3   provided a more detailed examination. AR 34. The ALJ found Dr. Gaffield's "in-depth

4   examination is more revealing than [Dr. Makovski's evaluation], providing understanding

5   beyond what [Dr. Makovski's opinion] provides." AR 34.

6         Plaintiff does not assert the ALJ's consideration of Dr. Makovski's opinion was error.

7   *See* Dkt. 17, p. 13. Further, Plaintiff has not identified any significant, probative evidence the

8   ALJ failed to consider and has not provided specific arguments as to why the ALJ's

9   determination of Plaintiff's RFC is not supported by substantial evidence or contains legal error.

10  Accordingly, the Court finds Plaintiff has not shown the ALJ erred when he did not include all of

11  Dr. Makovski's opined limitations in the RFC. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th

12  Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but

13  also that it affected his "substantial rights."); *Crawford v. Colvin*, 2014 WL 2216115, *9 (W.D.

14  Wash. May 29, 2014) (finding the plaintiff failed to demonstrate error when she failed to

15  demonstrate the ALJ's reliance on other evidence and interpretation of the evidence overall was

16  not rational).

17        Plaintiff also alleges the ALJ erred by not finding Plaintiff disabled prior to June 30,

18  2009, because the evidence shows Plaintiff could stand/walk six hours a day in 2006 but, by

19  February of 2009, Dr. Gaffield opined Plaintiff could only stand/walk two hours in an eight-hour

20  day. Dkt. 17, pp. 10-11. As a result of his degenerative changes, Plaintiff asserts "common sense

21  shows his conditions would not have improved by the end of the relevant time period." *Id*.

---

24  546. Attached to Dr. Makovski's evaluation was a radiology report signed by Dr. Schneider finding Plaintiff had marked degenerative changes in his left hip joint. AR 547.

In the RFC determination, the ALJ adopted Dr. Gaffield's limitations, including limiting Plaintiff to standing or walking for two hours in an eight-hour day. *See* AR 40, 567. The ALJ also posed a hypothetical question to the vocational expert ("VE"), Joseph Moisan, which was based on the RFC. AR 818. As a result of the RFC determination and the VE's testimony, the ALJ found Plaintiff not disabled prior to June 30, 2009. Plaintiff has failed to show his degenerative changes produced limitations prior to June 30, 2009 which were not included in the RFC or hypothetical question posed to the VE. Accordingly, the Court finds Plaintiff has not shown the ALJ erred when he found Plaintiff not disabled prior to June 30, 2009 due to his degenerative changes.

B.  <u>Standing Limitations</u>

Plaintiff also alleges the ALJ erred by finding Plaintiff could perform light work. Dkt. 17, pp. 12-13. Specifically, Plaintiff contends he is limited to standing or walking for no more than two hours in an eight-hour day, which precludes light work. *Id*.

Light work is defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

Pursuant to SSR 83-10, a full range of light work requires standing or walking, off and on, for total of approximately six hours of eight-hour workday. When an individual is not functionally capable of the prolonged walking or standing contemplated in the definition of light

TO DENY BENEFITS - 7

1  work, the full range of light work will be eroded. SSR 83-12. To determine the extent of the

2  occupational base erosion and whether a significant number of jobs continue to exist in light of

3  the individual's limitations, the ALJ should consult a VE. *See Moore v. Apfel*, 216 F.3d 864, 870

4  (9th Cir. 2000) ("SSR 83-12 directs that when a claimant falls between two grids, consultation

5  with a [VE] is appropriate.").

6        Here, the ALJ found, in relevant part, Plaintiff could "perform light work that does not

7  require standing or walking for more than two out of eight hours[.]" AR 40. He determined

8  Plaintiff's ability to perform all or substantially all of the requirements of light work was

9  impeded by additional the limitations. AR 41 (limitations of "less than full range of light work"),

10  47. The ALJ consulted with the VE regarding whether jobs existed in the national economy for

11  an individual with Plaintiff's age, education, work experience, and RFC. AR 47, 818. The VE

12  testified an individual like Plaintiff would be able to perform representative occupations such as

13  office helper, egg processor, automatic developer, and label remover. AR 47, 819-21. Based on

14  the testimony of the VE, the ALJ found other jobs existed in significant numbers which Plaintiff

15  could perform despite his limitations. *See* AR 47-48.

16        The ALJ properly determined Plaintiff's standing and walking limitation eroded the light

17  work occupational base. Because of the eroded occupational base, the ALJ consulted a VE.

18  Plaintiff does not challenge the ALJ's findings or the VE's testimony. *See* Dkt. 17, pp. 12-13. He

19  also does not allege any harmful error resulted from the ALJ finding Plaintiff could "perform

20  light work that does not require standing or walking for more than two out of eight hours[.]" *See*

21  *id.*; AR 40. Accordingly, the Court finds Plaintiff has failed to show the ALJ's finding that

22  Plaintiff was capable of light work despite being limited to walking or standing two hours in an

23  eight-hour day is reversible error. *See Lopez v. Colvin*, 2016 WL 429783, *3 (C.D. Cal. Feb. 3,

24

2016) (finding two-hour limitation on standing and walking did not preclude light work classification); *Martinez v. Colvin*, 2016 WL 270911 (D. Or. Jan. 20, 2016) (finding the ALJ did not error when he found the claimant could perform light work, but could stand and/or walk for only two hours in an eight-hour day); *Gallant v. Heckler*, 753 F.2d, 1450, 1453 (9th Cir. 1984) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion which must be upheld.").

**III.     Whether the ALJ met his burden at Step Five.**

Plaintiff alleges the ALJ erred at Step Five because Plaintiff would not be able to perform the jobs identified by the ALJ had the RFC and the hypothetical question included all limitations Plaintiff identified in his Opening Brief. Dkt. 17, pp. 13-14. Plaintiff has failed to show the RFC did not include all the credible limitations contained in the record, *see* Section II, *supra*; therefore, Plaintiff's argument fails.

The Court finds the RFC assessment and the hypothetical question posed to the VE were properly based on the credible functional limitations contained in the record, and thus both the RFC assessment and the hypothetical question posed to the VE were proper. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's RFC assessment only needs to incorporate credible limitations supported by substantial evidence in the record); *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (the ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence"). Accordingly, the ALJ did not err at Step 5.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 30th day of January, 2017.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge